UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATIONAL PACKAGING SERVICES, INC.,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**CITRUS AND ALLIED ESSENCES LTD. and TRILOGY ESSENTIAL INGREDIENTS, INC.,**<br><br>      **Defendants.**<br><br>**CITRUS AND ALLIED ESSENCES LTD.,**<br><br>      **Counterclaim Plaintiff,**<br><br>    v.<br><br>**NATIONAL PACKAGING SERVICES, INC. and KEARNY STEEL CONTAINER CORPORATION,**<br><br>      **Counterclaim Defendants.** | Civ. No. 2:21-cv-06366-KM-JBC<br><br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

      This is an action brought by National Packaging Services, Inc. ("NPS") against Citrus and Allied Essences Ltd. ("C&A"). C&A has filed a Counterclaim against NPS which also names Kearny Steel Container Corporation ("Kearny Steel"), a nonparty, as a Counterclaim Defendant. C&A now seeks to join Kearny Steel as a required party under Federal Rules of Civil Procedure 19(a), or, in the alternative, to join Kearny Steel on a permissive basis under Federal Rule of Civil Procedure 20(a). (DE 15.) Kearny Steel and NPS (the

1

"Counterclaim Defendants")[1] separately oppose C&A's motion to join Kearny Steel. (DE 27, 28.) For the reasons set forth below, C&A's motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 20(a).

## I.   BACKGROUND[2]

C&A is a privately-held, family-owned corporation in the business of manufacturing and selling essential oils. (Mot. at 1; Counterclaim ¶ 5.) For purposes of packaging, storing, and shipping its products, C&A purchases steel drums and other packaging containers from NPS and Kearny Steel, among other vendors. (Mot. at 1; Counterclaim ¶¶ 7, 20.)

---

[1]   I adopt this terminology for convenience. To the extent C&A jumped the gun by naming a non-party in what it designated a "counterclaim," it immediately took steps to settle Kearny Steel's status by filing this motion.

[2]   For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint (DE 1) |
| "Counterclaim" | = | C&A's Answer, Affirmative Defenses, Counterclaims, Jury Demand, and L. Civ. R. 11.2 Certification (DE 9) |
| "Mot." | = | Counterclaim-Plaintiff's Memorandum of Law in Support of Its Motion to Join Counterclaim-Defendant Kearny Steel Container Corporation (DE 15-1) |
| "NPS Opp." | = | Plaintiff National Packaging Services, Inc.'s Brief in Opposition to Defendant's Motion to Join Kearny Steel Container Corporation as a Counterclaim Defendant (DE 27) |
| "Kearny Steel Opp." | = | Counterclaim Defendant Kearny Steel Container Corporation's Brief in Opposition to Counterclaim Plaintiff's Motion for Joinder (DE 28) |
| "Reply" | = | Counterclaim-Plaintiff's Reply Memorandum of Law in Further Support of Its Motion to Join Counterclaim Defendant Kearny Steel Container Corporation (DE 29) |

On March 23, 2021, NPS filed the original complaint in this action (the "Complaint"), alleging breach of contract and other claims against C&A.[3] (DE 1.) The Complaint alleges that in 2020, C&A failed to pay for goods purchased from NPS on credit, resulting in an unpaid balance of $263,800.89. (Compl. ¶9.)

On June 18, 2021, C&A filed its Answer to the Complaint. The Answer included a Counterclaim against NPS, also naming Kearny Steel, a nonparty (the "Counterclaim"). (DE 9.) Against both, the Counterclaim asserts claims of fraud, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*. Factually, the Counterclaim alleges that from 2017 to 2019, NPS and Kearny Steel conspired with a former C&A employee "to induce C&A to pay false and/or fraudulently inflated invoices for drums and containers from [the] Counterclaim Defendants." (Counterclaim ¶ 28; *see also* Mot. at 2.)

One week later, C&A filed the present motion to join Kearny Steel as a party, pursuant to Federal Rules of Civil Procedure 19(a) and 20(a). (DE 15-1.) Counterclaim Defendants filed their oppositions to C&A's motion to join on August 6, 2021 (NPS), and August 9, 2021 (Kearny Steel). (DE 27, DE 28.) C&A filed its reply brief on August 23, 2021. (DE 29.) The matter is therefore ripe for decision.

## II.    DISCUSSION

Federal Rule of Civil Procedure 13, governing counterclaims and crossclaims, provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h). While denying mandatory joinder under Rule 19, I will grant permissive joinder under Rule 20.

---

[3]    Also named as a defendant was Trilogy Essential Ingredients, Inc., which was voluntarily dismissed from the action on May 24, 2021. (DE 6.)

### A. Rule 19 Mandatory Joinder

Under Federal Rule of Civil Procedure 19(a), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party," if either of the following conditions is met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leaving an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

C&A asserts that Rule 19(a)(1)(A) mandates joinder of Kearny Steel, because C&A cannot otherwise be afforded complete relief. (Mot. at 4; Reply at 2.) That is so, says C&A, because the "[c]ounterclaims arise out of the same acts and transactions related to the counterclaims against NPS, and Kearny Steel is likely in possession of at least a portion of the funds that were fraudulently procured from C&A." (Mot at 5.) Kearny Steel responds that the Counterclaim asserts joint liability against NPS and Kearny Steel, and that C&A could receive a full money judgment from NPS. (Kearny Steel Opp. at 3.) C&A concedes, perhaps short-sightedly, that there is no adequate demonstration of "how C&A could recover money from NPS that C&A alleges it paid to, and is in the possession of, Kearny Steel." (Reply at 2.)

I disagree with C&A's assertion that joinder of Kearny Steel is mandatory under Rule 19(a). Kearny may or may not retain some of the funds that were allegedly obtained wrongfully from C&A. The dispositive question, however, is this: Can C&A receive complete relief from NPS *in the absence of Kearny Steel*?

4

Assuming the truth of the allegations that the two Counterclaim Defendants acted jointly, I cannot answer that question in the negative. C&A alleges that Kearney Steel and NPS (1) "acted in tandem" in their dealings with C&A concerning the packaging; (2) verbally represented to C&A that NPS and Kearny Steel were "effectively merged"; and (3) that "for all purposes, NPS and Kearny Steel constituted a single entity." (Counterclaim ¶¶ 21-23; *see* Mot. at 5.) The claims are for damages; there is not, for example, any unique claim for equitable relief that requires the presence of Kearny Steel. On that joint liability theory, I find no sufficient demonstration that the absence of Kearny Steel would stand in the way of complete relief on the Counterclaim.

I therefore find that joinder is not mandatory under Rule 19.

### B. Rule 20 Permissive Joinder

In the alternative, C&A argues that I should grant permissive joinder under Rule 20(a). I agree that permissive joinder is appropriate.

Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in an action as defendants if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences;
>
> and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Rule 20 joinder, to be appropriate, must comport with "principles of fundamental fairness." *N.J. Mach. Inc. v. Alford Indus., Inc.*, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of a case, thereby preventing multiple lawsuits." *Bell v. Lockheed Martin Corp.*, 2010 WL 3724271, at *12 (D.N.J. Sept. 15, 2010) (citing *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). Courts are to interpret Rule 20 liberally to effectuate "the rule's goals of promot[ing] judicial economy and efficiency." *Yue v. Lor*, No. CV 20-5099 (JMV),

5

2021 WL 1712279, at *2 (D.N.J. Apr. 29, 2021) (citing *Snodgrass v. Ford Motor Co.*, 2002 WL 485688, at *2 (D.N.J. Mar. 28, 2002). Ultimately, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Hagan*, 570 F.3d at 153.

I find that C&A has satisfied both requirements of Rule 20(a)(2).

First, C&A asserts that the claims and allegations concerning Kearny Steel and those concerning NPS arise out of the same transactions or occurrences. The same joint scheme to defraud C&A is alleged against both Counterclaim Defendants, based on facts and circumstances that are highly interrelated, and indeed substantially identical. (Mot. at 7; *see also* Counterclaim ¶¶ 28-44.) Over the course of their dealings with C&A, NPS and Kearny Steel allegedly represented themselves to be working together as a single entity to provide packaging and related services to C&A. (Counterclaim ¶¶ 21-23.) Through this business arrangement, from 2017 to 2019, NPS and Kearny Steel allegedly conspired—through their common corporate management—to defraud C&A by providing kickbacks to a former C&A employee "in exchange for overcharging C&A for extra packing containers that it did not receive and charging C&A vastly inflated prices for packaging containers it did use." (Counterclaim ¶ 44.)

Second, common questions of law and fact will arise, because the Counterclaim asserts seven identical causes of action against both NPS and Kearny Steel, based on those interrelated factual allegations. (Mot. at 7.)

The Counterclaim Defendants argue that justice and efficiency would not be served by joinder. The allegations of the Counterclaim, they say, will introduce extraneous issues to this action; C&A's proper recourse for any alleged fraud perpetuated by Kearny Steel, in their view, would be to file a separate action.[4]

---

[4] A sampling: Kearney Steel Opp. at 1 ("[This Court should reject C&A's effort to deflect attention from the underlying payment dispute by bringing unrelated allegations regarding different transactions with a separate third-party into the existing litigation.");

I disagree, and find that joinder of Kearny Steel will promote the goals of efficiency and judicial economy. The Complaint and the Counterclaim revolve around a years-long business arrangement for the provision of packing materials and related services. The Counterclaim alleges that Kearny Steel and NPS worked together as a unit, both in servicing C&A's packaging needs and perpetrating the wrongful scheme. Given C&A's allegation that the Counterclaim Defendants conspired and presented themselves as a single entity in their business dealings with C&A, joinder in a single action is the more efficient alternative. To deny joinder would result in fragmentation of the issues and inefficient use of the Court's resources. NPS's counterproposal amounts to a requirement that C&A file a duplicative lawsuit against Kearny Steel, running on a parallel track. That course of action would run contrary to the Rule's broadly-construed purpose of avoiding multiple lawsuits. *See* authorities cited at pp. 5–6, *supra*.

I therefore will grant C&A's motion for permissive joinder pursuant to Rule 20.

---

*id.* at 2 ("If C&A really believes that Kearny Steel committed all of the violations alleged in the Counterclaims, it has a remedy: to bring a separate action against Kearny Steel for those violations."); NPS Opp. at 5 ("[P]roposed counterclaim defendant Kearny Steel is alleged to have "defrauded" C&A (and that fraud has nothing to do with these clearly legitimate, unpaid invoices).)"; *id.* at 7 (If … Kearny Steel is alleged to have "defrauded" C&A … , then Kearny Steel can be named in a separate and distinct lawsuit dealing with those transactions.")

To the extent NPS may be arguing that C&A should not be permitted to assert this counterclaim against itself, I disagree. NPS claims that C&A stopped paying its invoices; C&A claims that the charges were fraudulent, and that it is entitled to damages (or perhaps a setoff). That is a classic counterclaim scenario. *See* Fed. R. Civ. P. 13(a)–(c).

## ORDER

For the reasons set forth above,

IT IS, this 18th day of October, 2021,

ORDERED that C&A's motion (DE 15) to join Kearny Steel on a permissive basis, pursuant to Fed. R. Civ. P. 20(a), is **GRANTED**.

/s/ Kevin McNulty
_____

**Kevin McNulty**
**United States District Judge**